UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA AMBER TILLMAN, | |
| Plaintiff, | No. 25 C 7137 |
| v. | Judge Thomas M. Durkin |
| AVID ACCEPTANCE, LLC, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Tillman brings this action against Avid Acceptance, LLC ("Avid") in connection with an alleged inaccuracy in her credit report. Avid moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). R. 14. For the following reasons, that motion is granted in part and denied in part.

**Legal Standard**

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (citation omitted). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550

1

U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023). Moreover, because Tillman is *pro se*, the Court construes her complaint "liberally, holding it to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (cleaned up).

## Background

In September 2018, Tillman entered into a financing agreement with Avid to purchase a vehicle. R. 8 at pp. 2–3. Following the dismissal of her bankruptcy case in March 2020, the vehicle became inoperable, and she voluntarily surrendered it. *Id.* The vehicle was repossessed and sold at auction on August 12, 2020, after which Avid claimed a deficiency balance of $8,657.50. *Id.* In December 2020, Credit Karma notified Tillman that Avid had reported "derogatory remarks" on her credit report. *Id.* Two years later, on January 2, 2023, Tillman emailed Avid disputing the inaccurate reporting, and Avid told her she needed to dispute any discrepancy directly with the credit reporting agencies ("CRAs"). *Id.* Accordingly, on January 3, 2023, Tillman filed formal disputes with Equifax, Experian, and TransUnion. *Id.*

Since then, Avid has continued to inaccurately report a loan balance to the CRAs, increasing it to $31,509. Tillman filed this suit against Avid on June 26, 2025 alleging violations of various provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") in connection with this inaccurate reporting.

## Discussion

I. FCRA Claim

Avid first argues that Tillman's FCRA claim should be dismissed as untimely. This argument is premature. A plaintiff is not expected to anticipate or plead around affirmative defenses like the statute of limitations. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). "[B]ecause affirmative defenses frequently turn on facts not before the court at the pleading stage, dismissal is appropriate *only* when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Id.* (cleaned up). Put differently, a plaintiff "must affirmatively plead himself out of court." *Chi. Bldg. Design v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014).

Under the applicable statute of limitations, an FCRA action must be brought "not later than the earlier of 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Here, the "violation" is not the wrongful reporting itself. *See Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011) (there is no private right of action under § 1681s-2(a), which requires furnishers to provide accurate information). Rather, the "violation" is Avid's

3

alleged failure to investigate whether the information it furnished was incomplete or inaccurate, upon receiving notice of the dispute from a CRA. *See* 15 U.S.C. § 1681s-2(b). While Tillman alleges that she filed disputes with three CRAs on January 3, 2023, there are no allegations about when the CRAs notified Avid of the dispute. Indeed, it is unclear how Tillman would have access to such information without the benefit of discovery. As such, the Court cannot conclude, based on the allegations in the complaint, that Tillman's claim is untimely. *See MacDonald v. Servis One, Inc.*, No. 21 C 6070, 2022 WL 1641722, at *4 (N.D. Ill. May 24, 2022) (declining to dismiss FCRA claim as untimely at the pleading stage). It is therefore inappropriate to dismiss the FCRA claim at this stage.[1]

## II. FDCPA Claim

Avid next contends that Tillman's FDCPA claim fails because Avid is not a debt collector subject to liability under the statute. The FDCPA's "substantive provisions apply only to debt collectors." *Schlaf v. Safeguard Prop., LLC*, 899 F.3d 459, 466 (7th Cir. 2018). The statute defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

---

[1] The parties also make arguments about the application of the continuing violation doctrine to the FCRA claim. Because Tillman's complaint does not unambiguously establish that her FCRA claim is untimely, the Court need not reach the issue of tolling. Additionally, Tillman asserts violations of 15 U.S.C. §§ 1681b, 1681e(b), 1681i, and 1681i(a)(5). Avid correctly notes, in reply, that these provisions apply to CRAs, not furnishers of information like Avid. However, because Avid's timeliness argument as to the § 1681s-2(b) violation is premature, the FCRA claim may proceed.

4

due another." 15 U.S.C. § 1692a(6). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed," excluding those who "receive[] an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). "Creditors are therefore not subject to the FDCPA as long as they are collecting their own debt in their own name and their 'principal purpose' as an entity is not debt collection." *Schlaf*, 899 F.3d at 466 (citing *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998); 15 U.S.C. § 1692a(5)); *see also Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 81 (2017) ("[T]hird party debt collection agents generally qualify as 'debt collectors' under the relevant statutory language, while those who seek only to collect for themselves loans they originated generally do not.").

Here, as alleged, Avid is a creditor collecting a debt owed to it, in its own name. Avid is trying to collect on a loan it extended to Tillman to purchase a vehicle; there was no assignment or transfer of the debt to Avid so that it could collect on behalf of another entity. Further, Tillman does not allege any facts from which the Court could reasonably infer that collecting debt is the primary purpose of Avid's business. *See Gillard v. Michalakos*, No. 08-6193, 2009 WL 2143743, at *2 (N.D. Ill. July 15, 2009) (dismissing FDCPA claim where allegation that defendant was involved in one collection matter was insufficient to permit the reasonable inference that defendant

was a debt collector). Instead, the complaint suggests that Avid's principal business purpose is originating loans. Therefore, the FDCPA claim is dismissed.[2]

## Conclusion

For the foregoing reasons, the motion to dismiss is granted in part and denied in part. The FCRA claim may proceed, and the FDCPA claim is dismissed.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: September 19, 2025

---

[2] In dismissing the FDCPA claim on this basis, the Court declines to address the parties' arguments regarding whether the claim is also untimely.